Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 6692 | **DATE** | May 23, 2012 |
| **CASE TITLE** | *Sheree Butler v. FDIC,* et al. | | |

**DOCKET ENTRY TEXT**

The motion to dismiss filed by defendants RoundPoint Servicing Corp. and Mortgage Electronic Registration Systems, Inc. [12-1] is denied in part and granted in part as detailed in this order. Butler is granted leave to file an amended complaint consistent with this order no later than June 14, 2012. The status hearing set for June 5, 2012, is reset to July 12, 2012, at 11:00 a.m.

■ [ For further details see text below.]

Docketing to mail notices.

00:00

## STATEMENT

Plaintiff Sheree Butler has sued the defendants alleging violations of the Truth in Lending Act (Count I), *see* 15 U.S.C. § 1601, *et seq.*, as well as the Real Estate Settlement Procedures Act (Count II), *see* 12 U.S.C. § 2605(e). Defendants RoundPoint Mortgage Servicing Corp. and Mortgage Electronic Registration Systems, Inc. have moved to dismiss the claims against them. Specifically, they seek the following: (1) dismissal of Count I because Butler failed to allege in her complaint that she was ready and able to tender the principal of the loan she received; (2) dismissal of her claim in Count I regarding a purported waiver of her right to rescind because the waiver did not adversely affect her; (3) dismissal of Count I against RoundPoint because, as a loan servicer, it is not liable under the Truth in Lending Act; and (4) dismissal of Count II because she has failed to allege actual damages under the Real Estate Settlement Procedures Act.

For the reasons that follow, the court grants the motion to dismiss Count II without prejudice, and denies the remainder of the motion.

### STANDARD OF REVIEW

A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Seventh Circuit explained that this "[r]ule reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotations omitted).

However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007). In *Ashcroft v. Iqbal,* the Supreme Court stated that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference

| **STATEMENT** |
|---|

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

The court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *See Scott v. O'Grady,* 975 F. 2d 366, 368 (7th Cir. 1992). Nevertheless, "in examining the facts and matching them up with the stated legal claims, we give 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur v. Ind. Univ. Bd. of Trs.,* 581 F.3d 599, 603 (7th Cir. 2009).

## ANALYSIS

Defendants RoundPoint Mortgage Servicing and Mortgage Electronic Registration Systems seek the dismissal of the Truth in Lending Act claims against each of them alleged in Count I, as well as the Real Estate Settlement Procedures Act claim in Count II, which is alleged against only RoundPoint.

**I.     Truth in Lending Act Claims (Count I)**

    **A.     Failure to Allege Ability to Tender**

First, the defendants move to dismiss Count I in its entirety based on Butler's failure to allege in her complaint that she is able to tender the proceeds of the loan she received. In Count I, Butler alleges that on October 1, 2008, she refinanced the loan on her home. She now seeks to rescind that transaction because (1) she received multiple Truth in Lending Statements at closing with conflicting disclosures, such as different interest rates, finance charges, and amounts financed; (2) at closing she was forced to sign a statement that the time to rescind had already passed even though it had not; and (3) the defendants ignored her election to rescind and other inquiries, which was communicated to the defendants on August 11, 2011.

The Truth in Lending Act "was intended to ensure that consumers are given 'meaningful disclosure of credit terms' and to protect consumers from unfair credit practices." *Marr v. Bank of Am., N.A.*, 662 F.3d 963, 966 (7th Cir. 2011) (quoting 15 U.S.C. § 1601(a)). To that end, the Truth in Lending Act requires the creditor to provide certain financial disclosures, along with a clear and conspicuous notice of the right to rescind the transaction within 3 business days. *See id.* Failure to provide the required disclosures could give the borrower an extended right to rescind the transaction and/or the right to damages. *See Cocroft v. HSBC Bank USA, NA*, No. 10 CV 3408, 2011 WL 1630142, at *1 (N.D. Ill. Apr. 27, 2011).

The defendants argue that because Butler is seeking to rescind her transaction, she must allege that she is ready and able to return the proceeds of her loan. *See* 15 U.S.C. § 1635(b) ("Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value."). However, rescission is possible even if the borrower is not immediately ready and able to return the loan proceeds. For instance, under 12 C.F.R. § 226.23(d)(4), the requirements for tendering the proceeds of the loan to the lender "may be modified by court order." Because rescission does not always require the immediate tender of the proceeds of the loan, courts have not required a complaint to include the allegation that the plaintiff is ready and able to tender. *See Tulumbuta v. Wilmington Fin., Inc.*, No. 09 CV 4123, 2010 WL 6738070, at **1-2 (N.D. Ill. June 24, 2010) ("a requirement that the homeowners allege that they are willing and able to tender is erroneous").

The court acknowledges the cases that the defendants have cited in which motions to dismiss have been granted based on the failure to allege an ability to tender. For example, in *Aarooqi v. Leaders Bank*, No. 11

CV 3430, 2011 WL 3906711, at *3 (N.D. Ill. Sept. 7, 2011), the court held that even if it had not dismissed the plaintiff's claim on the basis that it was a business loan not governed by the Truth in Lending Act, it would have dismissed the claim for failure to "allege facts suggesting an ability to pay the amount owed to effectuate a rescission." However, *Aarooqi* cited as support an earlier order entered in *Tulumbuta*, in which the court initially dismissed a claim for failing to allege the ability to tender. *See Tulumbuta v. Wilmington Fin., Inc.*, No. 09 CV 4123, 2010 WL 1791271, at *3 (N.D. Ill. Sept. 7, 2011) ("*Tulumbuta I*"). On reconsideration, the court ultimately concluded that no such allegation is required. *See Tulumbuta*, 2010 WL 6738070, at **1-2 ("Tulumbuta II").

The court declines to follow *Tulumbuta I*, given that on reconsideration the court held that borrowers are not required to allege that they are willing and able to tender. Because the Truth in Lending Act allows for the possibility of rescission without tendering, this court agrees with the holding in *Tulumbuta II* that no allegation of an ability to tender is required in order to state a claim under the Act. *Id.*

Accordingly, the lack of an allegation that Butler is ready and able to tender is not a basis for dismissing Count I.

**B. Election Not To Rescind Document**

Next, the defendants seek to dismiss the portion of Butler's claim in Count I that is based upon the Election Not To Rescind she alleges she was asked to sign at closing. According to Butler, at closing her lender, Taylor Bean & Whitaker Mortgage Corp., demanded that she sign an Election Not To Rescind, in which she affirmed that "more than three (3) business days have elapsed since the extension of credit has been made" and that she "has not exercised his/her right to rescind or cancel the transaction under state or federal law."

The Truth in Lending Act gives borrowers "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms[,] . . . whichever is later," to rescind the transaction. 15 U.S.C. § 1635(a). So, according to Butler's allegations, she was directed to falsely state that her time to rescind had passed when, in fact, it had not. Butler alleges that as a result, she did not receive clear and conspicuous notice of her rights under the Truth in Lending Act.

The defendants seek to dismiss Butler's claim on the basis that she cannot show that her alleged signing of the Election Not To Rescind before the expiration of her time to rescind affected her right to rescind. In support, they cite to decisions of courts from other circuits for the proposition that a borrower still has a three-day period to rescind even if he or she previously signed a statement that the three-day period had already passed, reasoning that under those circumstances, no violation of the Truth in Lending Act has occurred. *See, e.g., Morris v. Lomas & Nettleton Co.*, 708 F. Supp. 1198, 1205-06 (D. Kan. 1989) ("Plaintiffs did not waive the right of rescission but simply pre-dated their statement indicating an election not to rescind the transaction.").

However, courts within this district have focused not on whether an actual waiver of the right to rescind occurred but, rather, on whether the borrower had clear and conspicuous notice of her rights. For instance, *Adams v. Nationscredit Fin. Servs. Corp.*, 351 F. Supp. 2d 829, 833-34 (N.D. Ill. 2004), involved a plaintiff allegedly required to sign a document similar to the Election Not To Rescind Butler contends she signed. The court held that an average borrower asked to sign a statement that three business days had passed when, in fact, they had not, "would be confused about whether he was still entitled to a three-day 'cooling off' period. He likely would assume, with good reason, that by signing the Confirmation, he had given up his right to rescind the deal." *Id.* at 834. For that reason, the court denied the defendant's motion for summary

| STATEMENT |
|---|

judgment on the issue of the election not to rescind. *Id.*; *see also Pulphus v. Sullivan*, No. 02 CV 5794, 2003 WL 1964333, at *16 (N.D. Ill. Apr. 28, 2003) (allegation that plaintiff signed election not to rescind at closing, even though dated three days after closing, stated a claim for a violation of the Truth in Lending Act).

Likewise, Butler is entitled to establish that the Election Not To Rescind she signed caused confusion about whether any right to the three-day cooling off period remained. For that reason, the motion to dismiss the portion of Count I premised on the Election Not To Rescind is denied.

The defendants also argue that Butler's claim must also be dismissed because the Election Not To Rescind is not post-dated as alleged in the complaint and, in fact, is not dated at all. However, Butler did not allege that she post-dated the election. Rather, she alleged that Taylor Bean demanded that she sign it at closing representing that she had elected not to rescind and that three business days had passed when, in fact, it had not. *See* Complaint [1-1] ¶¶ 19-21. As discussed above, after signing such a document the average borrower may be confused about whether she had given up her right to rescind. *See Adams*, 351 F. Supp. 2d at 834.

Accordingly, Butler's allegations sufficiently state a claim of a violation of the Truth in Lending Act, and the defendants are not entitled to dismissal of the portion of her claim premised on the Election Not To Rescind.

### C. RoundPoint as a Mere Servicer

Defendant RoundPoint seeks the dismissal of Butler's claim against it in Count I under the Truth in Lending Act. In support, RoundPoint contends that it is a mere servicer of Butler's loan, not a current or former owner, and therefore is not liable under the Act. *See* 15 U.S.C. § 1641(f)(1) (expressly disclaiming liability under the Truth in Lending Act for servicers "unless the servicer is or was the owner of the obligation"). However, in the complaint Butler has alleged that "Round[P]oint has acquired an interest in the subject loan." Complaint [1-1] ¶ 8. RoundPoint argues that the allegation is insufficient because it is "devoid of any factual allegations supporting Plaintiff's conclusory statement." Reply [30-1] at 8. But on a motion to dismiss the court is to take as true Butler's allegations, even in the absence of specifics about how RoundPoint gained the alleged interest. *See Stewart v. BAC Home Loans Servicing LP*, No. 10 CV 2033, 2011 WL 862938, at *3 (N.D. Ill. Mar. 10, 2011) ("While Stewart does not provide any specifics on how a loan servicer gained an interest in the loan, on a motion to dismiss, the Court must accept this allegation as true.").

Accordingly, Butler has stated a claim against RoundPoint under the Truth in Lending Act based on her allegation that RoundPoint acquired an interest in her loan. For that reason, RoundPoint's motion to dismiss the Truth in Lending Act claim against it is denied.

### III. Real Estate Settlement Procedures Act (Count II)

Finally, RoundPoint seeks the dismissal of the Real Estate Settlement Procedures Act claim against it. In this claim, Butler alleges that RoundPoint failed to respond to an August 11, 2011, letter in which she requested information about her loan and purported to cancel it.

RoundPoint argues that because Butler has not alleged a pattern or practice of failing to respond to inquiries, in order to state a claim she must allege actual damages but has failed to do so. *See Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 694 (7th Cir. 2011) ("The plaintiffs do not contend that GMAC Mortgage engaged in a 'pattern or practice of noncompliance, and so to prevail under RESPA they must prove actual damages.").

## STATEMENT

In response, Butler does not object to the dismissal of Count II with leave to replead. In its reply brief, RoundPoint does not take issue with Butler's request for leave to replead.

Accordingly, Count II is dismissed without prejudice and Butler is granted leave to replead the claim

## CONCLUSION

The motion to dismiss filed by defendants RoundPoint Servicing Corp. and Mortgage Electronic Registration Systems, Inc. [12-1] is denied in part and granted in part as follows: Count II is dismissed without prejudice, while the remainder of the motion to dismiss is denied. Butler is granted leave to file an amended complaint consistent with this order no later than June 14, 2012. The status hearing set for June 5, 2012, is reset to July 12, 2012, at 11:00 a.m.

rs/cpb